[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16868
Non-Argument Calendar
_____

D. C. Docket No. 05-00047-CR-J-20-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA WICKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 18, 2006)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Joshua Wicke appeals his 180-month sentence imposed following his guilty

plea to being a felon in possession of a firearm, 18 U.S.C. §§ 921(g)(1), 924(e).

Wicke argues on appeal that the district court violated his right to trial by jury when it determined that his prior offenses were violent felonies or serious drug offenses for the purposes of armed career offender designation, when those facts were not found by a jury or admitted by him.

We review sentencing issues raised for the first time on appeal for plain error. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). This standard requires that there be error, that it be plain, and that it affect substantial rights. Id. at 1298. If these conditions are met, then we may exercise our discretion to notice the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

The Armed Career Criminal Act (ACCA), codified at 18 U.S.C. § 924(e), provides for an increased sentence for a defendant who is convicted under 18 U.S.C. § 922(g)(1) and has three or more prior violent felony or serious drug offense convictions. There is no Sixth Amendment violation in a judicial determination that prior convictions are violent felonies or serious drug offenses under the ACCA, so long as the district court does not "look beyond the statutory elements, charging documents, any plea agreement and colloquy or jury instructions, or comparable judicial record." United States v. Greer, 440 F.3d

1267, 1273-76 (11th Cir. 2006).

There is no allegation that the district court looked at impermissible materials when determining that Wicke's prior convictions were violent felonies or serious drug offenses. Therefore, there was no violation of the right to jury trial.

**AFFIRMED.**